

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
NIJA LAMOURT individually and on behalf of
any and all similarly situated consumers

                          Plaintiff,

       -against-

TICE ASSOCIATES, INC.

                          Defendant.
------------------------------------------------------------

**CLASS ACTION COMPLAINT**

**08 civ. 3541**

**JUDGE BAER**

Plaintiff, by and through her attorney, Adam J. Fishbein, as and for her complaint alleges as follows:

## INTRODUCTION

0.1    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

0.2    Plaintiff is a natural person residing in New York County, New York.

0.3    Upon information and belief, defendant does business as a corporation and is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Seneca, New York.

## JURISDICTION

0.4    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

1.1    Plaintiff realleges paragraphs 0.1 through 0.4 as if fully restated herein.

1

1.2     That a personal debt was allegedly incurred by the plaintiff to Floyd Warren, M.D.

1.3     That at a time unknown to the plaintiff herein, the aforementioned debt was referred to the defendant for collection.

1.4     The defendant sent a letter to the plaintiff dated April 16, 2007 (copy attached hereto).

1.5     Plaintiff received said letter.

1.6     Said letter states in part: "You may not have intentionally neglected this obligation, but it is seriously past due and demands your attention. If you would like our cooperation, you must:

    1. Remit payment in full to this office OR.

    2. Contac this office in person or by telephone and arrange settlement OR,

    3. Contact us in regards to any dispute you may have.

See reverse side for important information.

1.7     The reverse side contains the validation language in the middle of the page in purposefully small print.

1.8     Below the validation language is payment information in significantly larger font size.

1.9     Said language and presentation overshadows the validation language so that the defendant fails to inform the least sophisticated consumer of her right to dispute the debt and seek verification of same.

1.10    Said actions are in violation of 15 U.S.C. 15 U.S.C. §§ 1692g and 1692e(10).

1.11    Defendant is considered a debt collector pursuant to the regulations of the New York City Department of Consumer Affairs.

1.12    Said regulations are set forth as follows:

Section 20-490 of the New York City Administrative Code ("N.Y.C.Admin.Code"). This provision states:

*5 It shall be unlawful for any person to act as a debt collection agency without first having obtained a license in accordance with the provisions of this subchapter, and without first being in compliance with all other applicable law, rules and regulations.

N.Y.C. Admin. Code § 20-490. Further, Section 20-494 provides that:

a. Any person who, after notice and hearing shall be found guilty of violating any provision of this subchapter, shall be punished in accordance with the provisions of chapter one of this title and shall be subject to a penalty of not less than seven hundred dollars nor more than one thousand dollars for each violation....

N.Y.C. Admin. Code § 20-494.

1.13   Upon information and belief, according to the New York City Department of Consumer Affairs website, the defendant does not have a license with the Department of Affairs.

1.14   Acting as a collection agency, the defendant must be licensed with the Department of Consumer Affairs so that its collection attempts into the City of New York can be monitored like any other collection agency.

1.15   Said failure to have a license is a violation of the FDCPA.

1.16   Said statements in paragraph 1.6 of the complaint are false as defendant cannot demand payment if it is not licensed.

1.17   That as a result of the above violations, defendant is liable to the plaintiff for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

1.18   This cause of action is brought on behalf of plaintiff and the members of a class.

1.19   The class consists of consumers who received the same form letter, as did the plaintiff.

1.20   The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the

defendant's letterhead in substantially the same form as the letters sent to the plaintiff on or about April 16, 2007 (b) the collection letters were sent to a consumer seeking payment of a consumer debt; and (c) the collection letters were not returned by the postal service as undelivered, (d) and that the letters contained violations of 15 U.S.C. §§ 1692g and 1692e(10).

1.21  A sub-class exists for New York City residents who received the form of the April 16, 2007 letter where the defendant was not licensed with the New York City Department of Consumer Affairs in violation of 15 U.S.C. §§ 1692e(5), 1692e(10) and 1692f.

1.22  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

- (A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.
- (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.
- (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.
- (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

1.23    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

1.24    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

1.25    Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a)    Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c)    For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
April 9, 2008

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

6

Unless you notify this office in 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing in 30 days from receiving this notice, this office will obtain verification of the debt and mail you a copy of the verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

*If you desire this method of payment please present your card at our business office, phone our office or fill out and sign this form.*

Credit Card # _____ Exp. Date _____

*Check one* ☐ Visa Card or ☐ Master Card
                              Bank ID No. _____

Signature of Cardholder _____

For payment of the account of _____

Amount ___ . . .